**LAW OFFICES OF ROBERT F. KNOX**
ROBERT F. KNOX (SBN 71524)
bob@robertfknox.com
REED E. HARVEY (SBN 161318)
reedeharvey@gmail.com
319 Miller Avenue, Suite 1
Mill Valley, CA  94941
Telephone:  (415) 388-9090
Facsimile:  (415) 388-9590

Attorneys for Plaintiff
CHERINGAL ASSOCIATES, INC.,
doing business as CONTROL GROUP

IVO LABAR (203492)
labar@kerrwagstaffe.com
KELLY A. CORCORAN (260268)
corcoran@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
100 Spear St., 18th Floor
San Francisco, CA 94105–1528
Tel: (415) 371-8500
Fax: (415) 371-0500

Attorneys for Defendant
ELECTRONICS FOR IMAGING, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CHERINGAL ASSOCIATES, INC., a New Jersey Corporation doing business as Control Group,<br><br>          Plaintiff,<br><br>     v.<br><br>ELECTRONICS FOR IMAGING, INC., a Delaware Corporation, doing business as EFI,<br><br>          Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. 3:14-cv-00189-EMC<br><br>STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION<br><br>Courtroom 5<br>Hon. Edward M. Chen<br><br>Action Filed: January 13, 2014<br>Trial Date: April 27, 2015 |

1

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, this Court's order filed May 16, 2014, concerning the May 13, 2014, Case Management Conference and any other applicable orders and rules.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

The parties will identify within two weeks from the date of this Order, liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

Consistent with the Court's oral orders at the Case Management Conference on May 13, 2014, and its written order regarding the same, filed May 16, 2014, the parties agree that all ESI relating to the following topics shall be preserved by Plaintiff from Plaintiff's custodians James Imburgia, Jeffrey Levine, William Cheringal, and Rob Paglieri: (1) all communications, and records thereof, with EFI regarding the subject printer; (2) all communications, and records thereof, with any person or entity from which Plaintiff considered purchasing a digital printer; (3) all communications, and records thereof, relating to the cost or reliability of print heads on digital printers prior to the purchase of the subject printer, and regarding the print

heads on the subject printer before and after that purchase; (4) all communications, and records thereof, with any other printing company or printer regarding Plaintiff subcontracting digital printing work to that printing company or printer; (5) all records of potential and actual subcontracting of digital printing jobs to another printing company or printer for work since November 1, 2012, and the costs thereof; (6) all communications, and records thereof, with actual or potential customers relating to digital printing or "flexo" printing on the subject printer; (7) all communications, and records thereof, with actual or potential customers concerning  print head failure with respect to the subject printer; (8) all communications, and records thereof, with a customer relating to terminating an actual or potential relationship with Plaintiff for digital printing services since November 1, 2012;  (9) all records of all additional costs purportedly incurred for jobs sold as digital but performed by third-parties or as non-digital jobs since November 1, 2012; (10) all records of equipment loan existence and payments with respect to the subject printer; (11) all financial records relating to the loss of future income caused by the subject printer.

      The parties also agree that all ESI relating to the following topics shall be preserved by EFI from EFI custodians Stephen Emery, Jason Oliver, John Hickey, Tony Ricketts,  Bart Kulesz, Matthew Gardner, John Hennessy, Gerald Jimmerson, Chris Cole, Steve Billow, Boris Liberman, Jon Martin, Angel Ramirez, Les Schalm, Nick Schimelfening, and Kevin Sheppard: (1) all communications and records thereof between Plaintiff and EFI regarding the subject printer; (2) all communications and records thereof with component manufacturers and consultants regarding the subject printer; (3) all internal communications at EFI regarding print heads or Flexo Stations for the subject printer; (4) all service and repair records and technicians' notes regarding the subject printer; (5) all information, communications and records thereof  concerning the design and manufacture of Flexo Stations for the Jetrion 4900 printers; (6) all information, communications and records thereof concerning changes in EFI's timetable for designing, manufacturing and installing Flexo Stations on the subject printer; (7) all internal and external communications, and records thereof, regarding the marketing of

Jetrion printers to Plaintiff;  (6) all internal and external communications, and records thereof, regarding the sale of the subject printer to Plaintiff;  (7) all communications and records thereof by or between EFI and its (a) customers, (b) component manufacturers, (c) consultants and (d) internally at EFI relating to print head failures on Jetrion printers, including efforts to determine the cause of any such print head failures, ; (8) service and repair records relating to print head failures on Jetrion printers , including shipping records for print head replacements on Jetrion printers; and (9) technicians' notes relating to print head failures on Jetrion printers.

This preservation stipulation and order apply only to ESI created or received between January 1, 2009, and the present.

### 5. SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and to filter out ESI that is not subject to discovery.

### 6. PRODUCTION FORMATS

The parties agree to produce documents in PDF format with OCR capability.  If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

### 7. PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI and the initial production will be from the following sources and custodians:  For Plaintiff:  James Imburgia, Jeffrey Levine, William Cheringal, and Rob Paglieri; For Defendant: Stephen Emery, Jason Oliver, John Hickey, Tony Ricketts, Matthew Gardner, John Hennessy, Gerald Jimmerson, Chris Cole, Steve Billow, Bart Kulesz, Boris Liberman, Jon Martin, Angel Ramirez, Les Schalm, Nick Schimelfening, and Kevin Sheppard. Following the initial production, the parties will continue to prioritize the order of subsequent productions.

8. **DOCUMENTS PROTECTED FROM DISCOVERY**

   a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

   b) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

8. **MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: June 18, 2014             **LAW OFFICES OF ROBERT F. KNOX**

                                 By:___/s/ Robert F. Knox____
                                    ROBERT F. KNOX
                                    Attorneys for Plaintiff
                                    CHERINGAL ASSOCIATES, INC.,
                                    Doing business as CONTROL GROUP

DATED: June 20, 2014             **KERR & WAGSTAFFE LLP**

                                 By:___/s/ Ivo Labar_____
                                    IVO LABAR

                                    Attorneys for Defendant
                                    ELECTRONICS FOR IMAGING, INC.

**IT IS ORDERED** that the foregoing Stipulation is approved.

Dated: June __23__, 2014         _____
                                 HONORABLE
                                 UNITED STATES

*IT IS SO ORDERED*
*Judge Edward M. Chen*

5